**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:25-cv-80311-LEIBOWITZ/REID**

**TERRY L. RICHMOND**,

     *Plaintiff,*

v.

**FRANK BISIGNANO,[1]**
**COMMISSIONER SOCIAL SECURITY**,

     *Defendant.*

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on United States Magistrate Judge Lisette M. Reid's Report and Recommendation on Defendant's Motion for Final Summary Judgment [ECF No. 33].  [ECF No. 37 (the "R&R")].   Judge Reid recommends granting Defendant's Motion for Final Summary Judgment [ECF No. 33] and affirming the decision of the Administrative Law Judge ("ALJ").  [ECF No. 37 at 21].   Judge Reid also recommends denying Plaintiff's Motion to Order Social Security Administration to File All Secret Evidence into the Record [ECF Nos. 26, 27].  [ECF No. 37 at 21]. Plaintiffs filed objections to the R&R [ECF Nos. 43, 44, 46] and Defendant responded thereto [ECF No. 50].  Having reviewed and considered the R&R in light of the objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law.  Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's R&R [**ECF No. 37**] and **AFFIRMS** the recommendation. Plaintiff's objections [ECF No. 43, 44, 46] to the R&R are **OVERRULED** for the reasons discussed below.

---

[1]     Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Leland Dudek as Commissioner of Social Security.  *See* Fed. R. Civ. P. 25(d).

**LEGAL STANDARDS OF REVIEW**

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b). Clear error review is also appropriate where a party's objections are "conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge . . . ." *Fibertext Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021) (Scola, J.) (citing *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

**SUMMARY JUDGMENT**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Those materials may include, "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion

only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If, in response, the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law . . . ." *Anderson*, 477 U.S. at 248. A dispute of fact is "genuine" if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Gervin v. Florence*, 139 F.4th 1236, 1245 (11th Cir. 2025). "In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson*, 477 U.S. at 255). However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISTRICT COURT REVIEW OF ADMINISTRATIVE PROCESS

After completing the administrative process, a claimant may seek review in federal court. *See* 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The scope of review at the district court level is limited to determining if (1) substantial evidence supports the Commissioner's findings, and (2) the correct legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). To make this determination, a reviewing court must

3

"scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

In testing for substantial evidence, a court may not "reweigh the evidence" or "decide the facts anew." *Winschel*, 631 F.3d at 1178. Instead, so long as the ALJ's findings are supported by substantial evidence, they are conclusive and the court must defer to the ALJ's decision even if the evidence preponderates against it. *Crawford*, 363 F.3d at 1158–59. However, the court will not "merely rubber-stamp a decision ... [and] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019); *see also Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) ("Within this narrowly limited role, however, the federal courts 'do not act as automatons' ... '[w]e retain an important duty to 'scrutinize the record as a whole' and determine whether the agency's decision was reasonable") (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). Remand is appropriate for further factual development where the record reveals evidentiary gaps that result in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). Prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).

A reviewing court is also required to review the ALJ's decision to determine if the correct legal standards were applied. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide sufficient reasoning for

determining that the proper legal analysis has been conducted, then the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## RULING ON OBJECTIONS

The Court overrules Plaintiff's objections to Magistrate Judge Reid's R&R. As an initial matter, Plaintiff failed to comply with the Local Rules. First, Plaintiff filed both "preliminary" and "supplemental" objections to the R&R,[2] a practice this Court has never seen. In doing so, Plaintiff has filed over fifty pages of objections. That is impermissible under the Local Rules. *See* S.D. FLA. MAG. LOC. R. 4(a)(1) ("Absent prior permission from the Court, no party shall file any objections or responses to another party's objections exceeding twenty pages in length."). Second, Plaintiff has filed verbose objections completely devoid of legal authority. [*See generally* ECF Nos. 43, 44, 46]; S.D. FLA. MAG. LOC. R. 4(a)(1) ("Such party shall file with the Clerk of the Court, and serve on all parties, written objections which *shall specifically set forth . . . a concise statement of the alleged error in the Magistrate Judge's ruling, and statutory, rule, or case authority, in support of the moving party's position.*" (emphasis added)). This provides an independent basis to overrule the objections. *See Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990) ("Practioners [sic] must adhere to applicable local rules in order for those local rules to have effect and federal courts by enforcement will preserve the integrity of local rules, absent problems of a constitutional dimension."); *Chesire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) ("[A] valid local rule has the force of law."); *Kennedy v. Pelc*, No. 19-62422-CIV, 2020 WL 13829795, at *2 (S.D. Fla. May 27, 2020) (Altman, J.) ("Compliance with the Local Rules is mandatory.").

On the merits, Plaintiff's preliminary and supplemental objections to the R&R simply relitigate issues rejected by Magistrate Judge Reid. [*Compare* ECF No. 28, *with* ECF Nos. 43, 44, and 46]. Among

---

[2] While there are three separately filed objections at [ECF Nos. 43, 44, and 46], docket entries 43 and 44 seem identical.

other issues, Plaintiff relitigates the ALJ discrediting Dr. Seifer's opinion and the consideration of the videotapes or the results of the OIG investigation.[3]  Re-raising these issues is improper as Plaintiff "cannot traverse ground already plowed by the magistrate." *Davis v. Comm'r of Soc. Sec.*, No. 23-cv-02075, 2025 WL 879980, at *1 (M.D. Fla. Mar. 21, 2025) (alteration adopted) (citation and internal quotation marks omitted).  Doing so merits clear error review.  *See id.*; *Fibertex*, 2021 WL 302645, at *2 ("These kinds of objections are instead reviewed for clear error." (citing *Macort*, 208 F. App'x at 784)).  Her Honor's recommendation was not clearly erroneous.  "Nevertheless, irrespective of which standard of review the Court employs, clear error or *de novo*, the outcome would remain unchanged." *Davis*, 2025 WL 879980, at *2.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Magistrate Judge Reid's R&R [**ECF No. 37**] is **AFFIRMED AND ADOPTED**.

2.  Plaintiff's objections to the R&R [**ECF Nos. 43, 44, and 46**] are **OVERRULED**.

3.  Plaintiff's Motion to Order Social Security Administration to File All Secret Evidence into the Record [**ECF No. 26**] is **DENIED**.

4.  Plaintiff's Amended Motion to Order Social Security Administration to File All Secret Evidence into the Record [**ECF No. 27**] is **DENIED**.

---

[3]  Plaintiff also rehashes the unsupported and conjectural argument that the ALJ (and now, Magistrate Judge Reid) "concealed" and did not consider a plethora of medical evidence. [*See, e.g.*, ECF No. 46 at 1–24].  But really what Plaintiff is doing is "essentially requesting the Court reweigh the evidence presented before the ALJ or substitute the Court's judgment for that of the ALJ—which the Court cannot do as the Commissioner's decision is supported by substantial evidence." *Davis*, 2025 WL 879980, at *2 (quoting *Winschel*, 631 F.3d at 1178).  At bottom, Plaintiff is wrong because "the ALJ need not consider every item of evidence before her." *Rodriguez obo R.C. v. Saul*, No. 19-cv-22548, 2020 WL 6808814, at *12 (S.D. Fla. Aug. 18, 2020) (Becerra, J.) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)), *report and recommendation adopted in part*, 2020 WL 5792596 (S.D. Fla. Sept. 29, 2020), *aff'd*, 2021 WL 5023951 (11th Cir. Oct. 29, 2021).

5. Defendant's Motion for Summary Judgment [**ECF No. 33**] is **GRANTED**.

6. The ALJ's final decision is **AFFIRMED**.

7. Pursuant to Rule 58, final judgment will be entered separately.


**DONE AND ORDERED** in the Southern District of Florida on March 19, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record